# EXHIBIT A

Case 8:23-cv-01320 Document 1-1 Filed 07/21/23 Page 2 of 9 Page ID #:7
Electronically Filed by Superior Court of California, County of Orange, 06/20/2023 08:00:00 AM.
30-2023-01331701-CU-PO-WJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By R. Gardea, Deputy Clerk.

Benjamin P. Tryk, Esq. (253299)
TRYK LAW, P.C.
ATRIUM OFFICE PLAZA
1111 E. Herndon Avenue, Suite 310
Fresno, California 93720
Telephone: (559) 840-3240
Facsimile: (888) 528-5570
Email: ben@tryklaw.com

Attorneys for Plaintiff, MICHAEL LEVESQUE

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

Assigned for All Purposes
Judge Nathan Scott

| | |
|---|---|
| MICHAEL LEVESQUE,<br><br>Plaintiff,<br><br>VS.<br><br>SOUTHWEST AIRLINES CO.; DOE 1 FLIGHT ATTENDANT, and DOES 2 TO 100, inclusive,<br><br>Defendants. | Case No.: 30-2023-01331701-CU-PO-WJC<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) ASSAULT<br>2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>3) NEGLIGENT HIRE, SUPERVISION AND RETENTION<br>4) GENERAL NEGLIGENCE<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff MICHAEL LEVESQUE and for causes of action against SOUTHWEST AIRLINES CO.; DOE 1 FLIGHT ATTENDANT, and DOES 2 TO 100, inclusive and Does 2 through 100, inclusive, and complains and alleges as follows:

PRELIMINARY ALLEGATIONS

1. Plaintiff MICHAEL LEVESQUE (hereinafter "Plaintiff") is a resident of the County of Fresno, State of California.

2. Defendant DOE 1 FLIGHT ATTENDENT (hereinafter "DOE 1") was an employee flight attendant of SOUTHWEST whose residence is unknown at this time.

3. SOUTHWEST AIRLINES CO. (hereinafter, "SOUTHWEST") is an unknown business entity

COMPLAINT FOR DAMAGES
1.

doing business out of the State of California.

4. Does 2 through 100 are persons and business organizations, forms unknown or other business entities, authorized and properly doing business in Fresno, California.

5. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants, including Does 2 through 100, are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages were the proximate result of the actions by said fictitiously named defendants.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Does 2 through 100, were acting as the agent and employee of each other and in doing the things hereinafter alleged, were acting within the course and scope of said agency and employment for Defendants.

7. As of June 30, 2022, the subject airline was owned, operated, managed, and/or maintained by SOUTHWEST and Does 2 through 100.

8. On or about June 30, 2022, Plaintiff was lawfully on the airplane (Flight No. 4742) as a passenger of Defendant SOUTHWEST in the County of Orange, State of California.

9. The incident occurred within the County of Orange.

10. Defendant DOE 1 FLIGHT ATTENDANT was an employee of SOUTHWEST at the time of the incident, and they were acting in the course of scope of their employment.

11. On June 30, 2022, Michael Levesque boarded Flight No. 4742 at the John Wayne Airport. Plaintiff was lifting his carry-on luggage to place it into an unmarked overhead bin, an unknown flight attendant negligently screamed at Plaintiff. The flight attendant's loud scream and movement toward him in an aggressive manner startled and distracted him from placing his carry-on luggage into the overhead bin. Plaintiff lost control of the carry-on luggage and it started falling down. Plaintiff attempted to avoid the carry-on luggage from hitting other passengers, the weight of the carry-on luggage was too much for his arm to bear and the weight of the luggage caused his left bicep to rupture. Mr. Levesque was in significant left arm pain. Plaintiff was provided with a bag of ice to address the

---

COMPLAINT FOR DAMAGES
2.

swelling in his injured left arm. The plaintiff was in obvious pain, but DOE 1 Flight Attendant never returned to check on Plaintiff's injury or to inquire if Plaintiff needed medical attention. Upon landing in Las Vegas, Nevada, Plaintiff reported his left arm injury to the gate attendant supervisor. The supervisor boarded the plane and spoke to DOE 1 FLIGHT ATTENDANT regarding the incident. The supervisor learned that DOE 1 FLIGHT ATTENDANT made a report regarding Plaintiff's left arm injury. Plaintiff was advised that incident was documented and that he may contact Southwest to discuss the further.

12. Plaintiff sustained a severe bicep injury due to the conduct of DOE 1 FLIGHT ATTENDANT and believes that DOE 1 FLIGHT ATTENDANT acted in a reckless disregard for Plaintiff's safety and rights while Plaintiff was boarding the airplane and attempt to store his luggage in an overhead bin.

## FIRST CAUSE OF ACTION
(Assault)

13. Plaintiff MICHAEL LEVESQUE realleges and incorporates by reference all allegations set forth in Paragraphs 1 through 19 as if fully set forth herein.

14. On or about June 30, 2022, Defendant DOE 1 FLIGHT ATTENDENT assaulted and battered MICHAEL LEVESQUE while on SOUTHWEST Flight 4742 and thereby assaulted plaintiff by startling Plaintiff by yelling at him while he attempted to place his carry-on luggage in the overhead bin.

15. In doing the aforementioned acts while acting in course and scope of her employment with SOUTHWEST, DOE 1 FLIGHT ATTENDANT intended to cause and did cause Plaintiff to become startled when she yelled at him causing him to lose control of the luggage.

16. As a direct and proximate result of the aforementioned acts, Plaintiff was in fact placed in great apprehension and offensive conduct by DOE 1 FLIGHT ATTENDANT.

17. As a direct and proximate result of the aforementioned acts, Plaintiff was caused to and did suffer extreme pain, discomfort due to a torn bicep as well as emotional distress including shock, anxiety, worry, depression, sleeplessness, mortification, humiliation, and indignity.

18. Said emotional distress was of such a substantial and enduring type that no reasonable person

in a civilized society should be expected to endure such distress.

19. Defendants carried out the aforementioned acts knowing that injury may occur, and emotional distress was substantially certain to be caused to Plaintiff; yet he proceeded to engage in said despicable acts maliciously and with a conscious disregard of the rights and safety of Plaintiff.

20. Officers, directors, and/or managing agents of SOUTHWEST were aware of the aforementioned actions of their employee and said acts took place in and around the presence of and under the direction and encouragement of managing agents, officers, and directors of SOUTHWEST and it is believed Defendant DOE 1 FLIGHT ATTENDANT was within the course and scope of her employment at the time of such incidents.

21. Defendants engaged in malicious and despicable conduct purposely intended to cause severe distress and injury to Plaintiff with a conscious disregard of plaintiff's rights and safety. Therefore, Plaintiff is entitled to an award of punitive damages against Defendants, and each of them, to punish and make an example of said Defendant and deter them and others from engaging in the same or similar acts in the future.

## SECOND CAUSE OF ACTION
(Against All Defendants)
(Negligent Infliction of Emotional Distress)

22. Plaintiff adopts and incorporates by reference all allegations set forth in Paragraphs 1 through 20 as if fully set forth herein.

23. Directors, officers, flight attendants, and/or managing agents of Defendants were also present and acting in the course and scope of their employment when Plaintiff was assaulted Defendant DOE 1 FLIGHT ATTENDANT who is an employee and/or agent of SOUTHWEST. Said directors, officers, and/or managing agents of SOUTHWEST allowed their employee to violently assault Plaintiff when he attempted to place his carry-on baggage in the overhead bin and Defendant yelled at him thereby assaulting Plaintiff. Plaintiff was startled and lost control of his carry-on luggage. Plaintiff attempted to control the luggage from striking other passengers and he tore his bicep muscle.

COMPLAINT FOR DAMAGES
4.

24. The aforementioned airline is owned, managed, maintained, and/or controlled by SOUTHWEST.

25. SOUTHWEST knew or should have known that DOE 1 FLIGHT ATTENDANT was unfit to be employed at SOUTHWEST and knew or should have known that said individual had engaged in other similar acts of behavior which were indicative of a general propensity for committing future acts of violence thereby creating a particular risk of harm to others and knew that DOE 1 FLIGHT ATTENDANT was not properly trained or provided with procedures to reduce the risk of assault and battery upon its patrons.

26. SOUTHWEST acted unreasonably and failed to exercise reasonable care in hiring, retaining, and supervising DOE 1 FLIGHT ATTENDANT to be employed by SOUTHWEST and by directing and encouraging them to engage in, assist in, allow and encourage acts of violence against others.

27. SOUTHWEST knew or should have known in the exercise of reasonable care that DOE 1 FLIGHT ATTENDANT would assault assist in, allow and encourage the assault of Plaintiff as they did on June 30, 2022.

28. SOUTHWEST knew and/or should have known that their failure to exercise due care as set forth above would cause Plaintiff to suffer injuries and severe emotional distress.

29. As a direct and proximate result of the aforementioned acts of the Defendants, and each of them, Plaintiff suffered severe injuries including but not limited to acute cervical pain and emotional distress.

30. As a direct and proximate result of the aforementioned acts, Plaintiff was caused to and did suffer great and extreme pain, discomfort, emotional distress including shock, anxiety, worry, depression, sleeplessness, mortification, humiliation, and indignity.

31. Said emotional distress was of such a substantial and enduring quality that no reasonable person in a civilized society should be expected to endure such distress.

///

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Supervision and Retention)

32. Plaintiff realleges and incorporates by reference all allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

33. Directors, officers, supervisors, pilots, and/or managing agents of SOUTHWEST were also present and acting in the course and scope of their employment when Plaintiff was assaulted by Defendant DOE 1 FLIGHT ATTENDANT who yelled at Plaintiff causing him to lose control of his carry-on luggage and tear his bicep.

34. SOUTHWEST negligently operated, controlled, maintained, and/or managed its airline, airplanes, and business staff by inviting and encouraging its flight attendants, officers, directors, managing agents, and employees of defendant to do whatever they pleased without intervention or obstruction, including assaulting passengers and assisting and encouraging others to assault passengers.

35. SOUTHWEST had actual and constructive notice of prior similar incidents of hostile, aggressive, and violent behavior by employees of SOUTHWEST.

36. SOUTHWEST knew or should have known that their agents and/or employees, including DOE 1 FLIGHT ATTENDANT was unfit to be employed and knew or should have known that said individual had engaged in other similar acts of violence which were indicative of a general propensity for committing future acts of violence thereby creating a particular risk of harm to others.

37. SOUTHWEST acted unreasonably and failed to exercise reasonable care in hiring, retaining, training and supervising DOE 1 FLIGHT ATTENDANT to be employed and by directing and encouraging him to engage in assault and battery against others including plaintiff. SOUTHWEST also failed to use reasonable measures to prevent patrons from continuing to be assaulted by their employees or to provide for a reasonably safe environment for patrons.

38. SOUTHWEST knew or should have known in the exercise of reasonable care that DOE 1 FLIGHT ATTENDANT would assault Plaintiff as they did on June 30, 2022.

39. Individuals employed by SOUTHWEST while acting in the course and scope of their

employment, knew of, heard, and looked on as Plaintiff was assaulted by DOE 1 FLIGHT ATTENDANT and took no steps to intervene or stop the assault.

40. SOUTHWEST knew and/or should have known that their failure to exercise due care as set forth above would cause Plaintiff to suffer severe emotional distress and personal injuries.

41. As a direct and proximate result of the aforementioned acts of the Defendants, and each of them, Plaintiff suffered severe injuries including but not limited to torn bicep pain and emotional distress.

42. As a direct and proximate result of the aforementioned acts, plaintiff was caused to and did suffer severe pain and extreme emotional distress including shock, anxiety, worry, depression, sleeplessness, mortification, humiliation, and indignity.

43. Said emotional distress was of such a substantial and enduring quality that no reasonable person in a civilized society should be expected to endure such distress.

## FOURTH CAUSE OF ACTION
(Negligence)

44. Defendants owed a heightened duty of care to Mr. Levesque as a passenger on Flight No. 4742 and defendant SOUTHWEST's status as a common carrier.

45. Defendant Doe 1 Flight Attendant, as an employee of Southwest Airlines, had a duty to act with reasonable care while interacting with passengers.

46. Doe 1 Flight Attendant breached this duty by negligently screaming at Mr. Levesque and acting in an aggressive manner, causing him to lose control of his carry-on luggage and suffer a severe bicep injury.

47. The breach of duty by Doe 1 Flight Attendant was the proximate cause and a substantial factor in causing harm to Mr. Levesque.

48. Southwest Airlines Co., as the employer of Doe 1 Flight Attendant, is vicariously liable for the negligent actions of its employee, committed within the course and scope of employment.

49. Does 2 through 100, as employees, agents, or other representatives of Southwest Airlines, may

be held liable for their contribution to the occurrences herein alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Defendants as follows:

1. For general and special damages according to proof;
2. For costs of suit incurred herein;
3. For punitive damages as to Defendant, Doe 1 Flight Attendant.
4. For interest at the prevailing legal rate;
5. For trial by jury; and
6. For such other and further relief as the Court deems proper.

Dated: June 15, 2023

TRYK LAW

By: _____
Benjamin P. Tryk, Esq.
Attorneys for Plaintiff,
MICHAEL LEVESQUE